[No. F017180. Fifth Dist. Apr. 20, 1993.]

GILBERT LOPEZ, Plaintiff and Appellant, v.
ALLSTATE INSURANCE COMPANY, Defendant and Respondent.

**COUNSEL**

Hal F. Seibert for Plaintiff and Appellant.

McCormick, Barstow, Sheppard, Wayte & Carruth, Wade M. Hansard and Todd W. Baxter for Defendant and Respondent.

**OPINION**

**THAXTER, J.**—Assume A is insured under an automobile liability policy with underinsured motorist coverage limits of $15,000 per person/$30,000 per occurrence. A is injured in a collision for which B is liable. B is insured under a policy with $15,000/$30,000 liability limits. Because other persons were also injured in the accident, the amount of benefits under B's policy actually available to A is $7,500, which does not fully compensate A for his damages. Is A entitled to any underinsured motorist benefits from his own insurer? When the underinsured motorist coverage in A's policy is set forth in language indistinguishable from that in Insurance Code[1] section 11580.2, subdivision (p), as it was here, we answer the question no. In doing so, we join the Third and Fourth Appellate Districts. (See *State Farm Mut. Auto. Ins. Co.* v. *Messinger* (1991) 232 Cal.App.3d 508 [283 Cal.Rptr. 493]; *Schwieterman* v. *Mercury Casualty Co.* (1991) 229 Cal.App.3d 1044 [280 Cal.Rptr. 804].)

---

[1]All statutory references are to the Insurance Code unless otherwise indicated.

### Factual and Procedural Background

Appellant Gilbert Lopez filed a declaratory relief action against Allstate Insurance Company alleging that a controversy existed concerning Lopez's claim for underinsured motorist benefits under Allstate's policy issued to Joe M. and Barbara Orozco. The underinsured coverage limits in Allstate's policy are $15,000 per person and $30,000 per occurrence. According to the complaint, on April 2, 1989, Lopez was operating a vehicle owned by the Orozcos and was involved in an accident on State Route 198 in Visalia, Tulare County. Lopez claimed a cause of action against Lonnie D. Thornton and Tina Womack for negligently causing the accident and injuries to Lopez. Thornton and Womack were insured by Farmers Insurance Company under a policy with liability limits of $15,000 per person and $30,000 per occurrence. Farmers paid the $30,000 policy limits to three claimants, including Lopez, whose proportionate share was $7,500. Lopez then presented his claim for underinsured benefits under the Allstate policy. Allstate denied the claim.

After its demurrer to the complaint was overruled, Allstate answered. The answer contained an affirmative defense that the Thornton/Womack vehicle "was not an 'underinsured motor vehicle' in that it had in effect at the time of the accident a policy of automobile liability insurance in an amount equal to, but not less than, the applicable limits of Plaintiff's policy." Allstate then filed a motion for judgment on the pleadings, or in the alternative, for summary judgment. The motion was supported by a statement of undisputed material facts, one of which was that the Allstate policy "describes an uninsured auto as 'an underinsured motor vehicle which has a bodily injury liability bond or bodily injury liability insurance in effect and applicable at the time of the accident, *but in an amount less than* the applicable bodily injury limit of liability for Uninsured Motorist Bodily Injury coverage shown in the declarations page.' (Italics added.)" A copy of the Allstate policy was attached to a supporting declaration. Lopez opposed the motion but did not file a separate statement responding to Allstate's statement of undisputed facts. (See Code Civ. Proc., § 437c, subd. (b).) Lopez did not appear at the hearing, submitting the matter on written points and authorities.

The court granted the alternative motion for summary judgment, finding that because the Thornton/Womack vehicle was insured by Farmers Insurance Company for "an amount equal to Plaintiff's policy limits," it was not "underinsured" and Lopez was not entitled to any benefits under the underinsured motorist coverage in the Allstate policy. Judgment was entered in Allstate's favor. Lopez filed a timely notice of appeal.

---

### DISCUSSION

██  The parties agree that this case presents only a question of law, revolving around section 11580.2, subdivision (p)(2), which provides:

" 'Underinsured motor vehicle' means a motor vehicle that is an insured motor vehicle but insured for an amount that is less than the uninsured motorist limits carried on the motor vehicle of the injured person."

The definition is important because underinsured motorist coverage is applicable only when bodily injury is caused by an "underinsured motor vehicle." (§ 11580.2, subd. (p).)

Lopez argues that the phrase "insured for an amount that is less than" refers to the amount of coverage actually available to the injured person rather than to the stated policy limits of the tortfeasor's liability policy. Because the amount of benefits available to Lopez under the Thornton/Womack policy issued by Farmers was only $7,500, an amount less than the uninsured/underinsured coverage of the Allstate policy, he argues the Thornton/Womack vehicle was an "underinsured motor vehicle" and the Allstate coverage was triggered.

This same argument was presented to and rejected by another panel of this court recently in *Royal Ins. Co.* v. *Cole* (1993) 13 Cal.App.4th 880 [16 Cal.Rptr.2d 660]. The facts in that case, though, were significantly different from those here. In *Royal* there was only one policy, issued to Charles and Barbara Franks. The accident was caused solely by the negligence of their son, Cole, who was a passenger in the Franks vehicle, claimed and received benefits under the liability coverage. He also claimed benefits under the underinsured motorist coverage because the liability benefits did not fully pay his damages. The central holding in *Royal* is that underinsurance coverage is not triggered when there is only one applicable vehicle policy. (*Id.* at pp. 888-889.) In our case, however, two policies are in play, so the issue raised by Lopez is presented in its "pure" form.

Two other appellate courts have recently considered the issue and decided it adversely to the claimant. The first was *Schwieterman* v. *Mercury Casualty Co.*, *supra*, 229 Cal.App.3d 1044. The relevant facts in *Schwieterman* were identical to those here. A divided court held that the statute is clear, and because the liability limits of the tortfeasor's policy were equal to, but not less than, the underinsured motorist limits of Schwieterman's own policy, the tortfeasor's vehicle was not an "underinsured motor vehicle" and Schwieterman's underinsured motorist coverage was not triggered. (*Id.* at pp. 1046-1048.)

The issue was then considered by the Third Appellate District in *State Farm Mut. Auto. Ins. Co.* v. *Messinger, supra*, 232 Cal.App.3d 508. The facts there varied from those here and in *Schwieterman* in only one material respect: the tortfeasor's liability policy limits were $100,000 per person and $300,000 per occurrence, the same as the underinsured motorist limits in the claimant's policy. Finding the definition of "underinsured motor vehicle" in section 11580.2, subdivision (p)(2) clear, the appellate court held that the underinsured motorist coverage in the claimants' policy was never triggered because the tortfeasor's liability policy limits were equal to, not less than, the underinsured motorist limits. (232 Cal.App.3d at pp. 514-516.)

The *Messinger* court reviewed authorities from other jurisdictions and analogous California cases. (232 Cal.App.3d at pp. 516-518.) In addition, the court analyzed and discussed the historical development of underinsurance legislation in this and other states, concluding that the California Legislature chose to follow a "narrow coverage" view.

"In determining the applicability of underinsurance coverage, the focus of section 11580.2 is not on the amount of damages incurred or the amount of damages uncompensated. Rather, section 11580.2 affords underinsurance coverage only if the insured was injured by a driver with insurance limits lower than those the insured had chosen in contracting with his or her insurance company." (232 Cal.App.3d at pp. 521-522.)

Lopez urges us to depart from *Schwieterman* and *Messinger*. He relies on the views of the dissenting justice in *Schwieterman*. (See *Schwieterman* v. *Mercury Casualty Co.*, *supra*, 229 Cal.App.3d at pp. 1048-1052 (dis. opn. of Crosby, J.).) We are not persuaded to do so.

We agree with the *Messinger* court and the *Schwieterman* majority that section 11580.2, subdivision (p)(2) clearly and unambiguously restricts underinsured motorist benefits to cases in which the tortfeasor's liability limits are less than the underinsurance limits. We cannot rewrite the statute.

If the Legislature had intended to trigger underinsured motorist coverage whenever the amount available to the injured party from the tortfeasor's liability policy is less than his underinsured limits, it could have said so. In Ohio, for example, the governing statute provides that "[u]nderinsured motorist coverage . . . shall provide protection for an insured against loss for bodily injury . . . , where the limits of coverage *available for payment to the insured* under all bodily injury liability bonds and insurance policies covering persons liable to the insured are less than the limits for the insured's uninsured motorist coverage at the time of the accident." (Ohio Rev. Code

Ann. § 3937.18(A)(2) (Baldwin's 1993), italics added.) For whatever reason, the California Legislature chose a different approach.

The trial court correctly decided that Lopez was not entitled to any underinsured motorist benefits under the Allstate policy on the facts presented to it.

### DISPOSITION

Judgment affirmed. Costs to respondent.

Vartabedian, Acting P. J., and Buckley, J., concurred.

Appellant's petition for review by the Supreme Court was denied July 1, 1993. Mosk, J., was of the opinion that the petition should be granted.